

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 5, 2025

BY ECF
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> **Re:** *The Intercept Media, Inc. v. U.S. Department of Government Efficiency et al.*,
> **25 Civ. 2404 (VSB)(OTW)**

Dear Judge Broderick:

This Office represents defendants the United States DOGE Service and United States Digital Service (collectively, "USDS") in this action brought pursuant to the Freedom of Information Act ("FOIA"). We write respectfully in response to the letter filed by plaintiff on June 2, 2025 (ECF No. 24), asking the Court to consider the district court's May 27, 2025 memorandum opinion in *State of New Mexico v. Musk*, No. 25-cv-429 (TSC) (D.D.C.) (slip op. filed at ECF No. 24-1), in connection with the pending motion to dismiss plaintiff's complaint in this case.

Plaintiff once again cites a decision that has no bearing on this FOIA case. The portions of the *New Mexico* decision cited by plaintiff concern a claim that actions allegedly undertaken by Elon Musk, or unspecified "DOGE personnel" allegedly at Musk's direction, violated the Appointments Clause of Article II of the Constitution because Musk was not constitutionally appointed. *See* slip op. at 22-34. As a threshold matter, Elon Musk was a senior advisor to the President and has never been an employee of USDS, which is a standalone component within the Executive Office of the President ("EOP") with an Administrator who reports to the White House Chief of Staff. (Mr. Musk has since left the government to return to the private sector.)

Regardless of Mr. Musk's former status, however, the *New Mexico* case does not address whether *USDS*, an EOP component created by the President, has been granted substantial authority to act independent of the President such that it can be considered an "agency" subject to FOIA. Instead, the decision refers to Mr. Musk and "DOGE," which is not USDS but rather is a broader initiative that includes agency personnel charged with effectuating the President's DOGE agenda. *See* USDS Br. (ECF No. 19) at 2-3, 18-19; USDS Reply Br. (ECF No. 21) at 3-4.[1] And while the *New Mexico* court concluded (erroneously, in the government's view) that the plaintiffs had

---

[1] Like many other sources cited by plaintiff, the New Mexico decision relies on allegations regarding "DOGE" and "DOGE personnel" generally, *see, e.g.*, slip op at 5-9, 20-22, 32-33, without distinguishing between USDS and DOGE Teams operating within Agencies under the DOGE Structure created by Executive Order 14,158. *See* USDS Reply, Point II.

adequately alleged that Musk "exercises significant authority pursuant to the laws of the United States," within the meaning of the Appointments Clause test established in *Buckley v. Valeo*, 424 U.S. 1, 126 (1976), *see* slip op. at 31, that does not mean that USDS exercises substantial independent authority under the *Soucie* test for determining whether an EOP component is a FOIA "agency." For example, one of the key factors evaluated under the *Buckley* test is "the discretion [the individuals] exercise in reaching their decisions." Slip op. at 31 (citing *Tucker v. Comm'r of Internal Revenue*, 676 F.3d 1129, 1133 (D.C. Cir. 2012)). But as the Second Circuit "emphasize[d]" in *Main Street Legal Services, Inc. v. NSC*, 811 F.3d 542 (2d Cir. 2016),

> the relevant *Soucie* inquiry is *not* whether an entity enjoys a measure of discretion, or independence, in how it provides advice or assistance. That is true to some degree of most advisers and assistants. Rather, *Soucie* asks whether an entity does more than render advice or assistance to the President—whether it exercises authority *independent* of the President, particularly with respect to individuals or other parts of government.

*Id.* at 554 (emphases added). This inquiry, moreover, requires a careful examination of the entity's charter documents, exercising both "judicial caution in assessing a claim that the nation's Chief Executive has so conveyed his authority to another person or entity that it can now be exercised independent of him," *id.* at 557-58, and "a respectful measure of deference to the President's own statements of intent in taking the action at issue," *id.* at 558. The *New Mexico* court did not have occasion to apply the *Soucie* test, and it did not exercise the judicial caution and deference that Second Circuit law requires in evaluating whether an EOP component created by the President is an "agency" under FOIA.

We thank the Court for its consideration of this letter.

Respectfully,

JAY CLAYTON
United States Attorney

By:    /s/  *Sarah S. Normand*
SARAH S. NORMAND
Assistant United States Attorney
Telephone: (212) 637-2709
Email:  sarah.normand@usdoj.gov
*Counsel for Defendants*