**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 30, 2026

BY ECF
Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *The Intercept Media, Inc. v. U.S. Department of Government Efficiency et al.*, 25 Civ. 2404 (VSB)(OTW)**

Dear Judge Wang:

The Office represents defendants the United States Department of Government Efficiency a/k/a United States DOGE Service, and the United States Digital Service (collectively "USDS"), in the above referenced action under the Freedom of Information Act ("FOIA") brought by plaintiff The Intercept Media, Inc. (together with the Defendants, the "Parties"). We submit this letter jointly on behalf of the Parties in response to Your Honor's July 29, 2026 Order, ECF No. 36, and in advance of the Initial Case Management Conference that is scheduled for October 7, 2026, at 12 p.m. However, because Defendants do not believe there are any open issues to discuss at a case management conference at this time while the pending motion to dismiss is resolved, Defendants respectfully request that the Court adjourn the conference without date.

This matter concerns certain FOIA requests submitted by Plaintiff to Defendants. The Parties respectfully request to be relieved of the requirement to submit a proposed Case Management Plan and Scheduling Order using Your Honor's template. Because this is a FOIA case, the Parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order under Federal Rule of Civil Procedure 16(b). FOIA cases generally do not involve discovery, and parties typically resolve disputes through agreement or by submitting cross-motions for summary judgment based on legal argument and factual matter provided by declarations, without discovery. *See, e.g., Wood v. Fed. Bureau of Investigation,* 432 F.3d 78, 85 (2d Cir. 2005); *Carney,* 19 F.3d at 812–13. However, Plaintiff reserves its right to seek discovery at a later date should it become necessary. Unlike other FOIA cases, Defendants have raised threshold legal questions, described briefly below, which may ultimately require discovery to settle.

The Parties submit that it is premature to set any schedule in this case until the Court resolves Defendants' pending motion to dismiss. On April 28, 2025, Defendants filed a motion to dismiss the complaint in this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to plausibly allege that USDS is an

"agency" subject to FOIA. ECF Nos. 18, 19. Plaintiff opposed the Government's motion. ECF No. 20. The Parties then subsequently filed a number of letters updating the Court on developments in litigations pending in other courts involving USDS. *See* ECF Nos. 22-27, 31. Defendants' motion to dismiss remains pending.

The Parties further note that there is currently a fully briefed Petition for Certiorari pending before the Supreme Court in the matter *U.S. DOGE Service v. U.S. District Court for the District of Columbia*, No. 25-1103, related to the discovery orders in a matter pending in the District of Columbia, *CREW v. USDS*, 25 Civ. 511 (D.D.C.), a case that the parties discussed in their motion papers and in subsequent letters.

Finally, the Parties also wish to advise the Court that all Parties do not consent to proceed before the Magistrate Judge.

We thank the Court for its consideration of this letter.

Respectfully,

JAMES M. MCDONALD
United States Attorney

By: /s/ *Dominika Tarczynska*
DOMINIKA TARCZYNSKA
Assistant United States Attorney
Telephone: (212) 637-2748
Email: dominika.tarczynska@usdoj.gov
*Counsel for Defendants*